| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br><br>TYRONE MALCOLM, ELAINE CHANEYFIELD, NELSON VELEZ, LEONARD COMER, and RICHARD HORACE, individually and on behalf of all other persons similarly situated who were employed by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC and/or any other entities affiliated with or controlled by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC,<br><br>     **Plaintiffs,**<br><br>-against-<br><br>**ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC, and/or any other entities affiliated with or controlled by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC,**<br><br>     **Defendants.** | **13-CV-1576 (FB) (CLP)** |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendants AlliedBarton Security Services LLC ("AlliedBarton") and

Allied Security LLC ("Allied Security") (together, "Defendants"), through their counsel, and

files their Answer to Plaintiff's Amended Complaint (hereinafter "Complaint") as follows:

### PRELIMINARY STATEMENT

1.     This action is brought pursuant to 28 U.S.C. § 1332(d) and the common law of the State of New York to recover unpaid prevailing wages and supplemental benefits owed to Plaintiffs, and all similarly situated persons who are presently or were formerly employed by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC (hereinafter collectively referred to as "Allied" or the "Defendants).

**ANSWER:**     In response to Paragraph 1 of the Complaint, Defendants acknowledge that

Plaintiffs are attempting to bring a claim for alleged unpaid prevailing wages and supplemental

1

benefits on behalf of themselves and other alleged similarly situated persons pursuant to 28

U.S.C. § 1332(d) and common law of the State of New York, but deny any violations of those

statutes or any other wrongful employment practices have occurred and deny that Plaintiffs or

those they are purporting to represent are entitled to any damages or other relief of any kind.

Except as expressly acknowledged, Defendants deny the allegations contained in Paragraph 1 of

the Complaint.

      2.     Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay prevailing wages and supplemental benefits to the Plaintiffs for work they performed as armed and unarmed security guards at various government facilities including government office buildings, (the "Public Facilities") under contracts ("Government Contracts") with such government entities *including but not limited to* the City of New York ("NYC"), NYC Department of Citywide Administrative Services ("DCAS"), Metropolitan Transit Authority ("MTA"), New York City Transit Authority ("TA"), NYC Board of Elections ("BOE"), NYC Office of Emergency Management ("OEM"), NYC Department of Education ("DOE"), NYC Police Department (""NYPD""), NYC Department of Social Services (hereinafter the "Government Entities").

**ANSWER:**  Defendants deny the allegations contained in Paragraph 2 of the Complaint.

      3.     By way of example, annexed to this Complaint as Exhibit 1, are printouts, obtained from http://slnx-prd-web.nyc.gov/cfb/, the City of New York Vendor Search website, listing some of the contracts entered into between Defendant Allied Barton Security Services, LLC and various agencies of the city of New York between 2007 and 2009.

**ANSWER:**  In response to Paragraph 3 of the Complaint, Defendants state that the document

attached as Exhibit 1 to the Complaint speaks for itself.  Except as expressly stated, Defendants

deny the allegations contained in Paragraph 3 of the Complaint.

      4.     In accordance with New York Labor Law § 230, the Government Contracts contained provisions requiring Defendants to pay Plaintiffs and others similarly situated the prevailing rates of wages and supplemental benefits set forth by the New York State Department of Labor or the Comptroller of the City of New York.

**ANSWER:**  In response to Paragraph 4 of the Complaint, Defendants state that any contracts

between AlliedBarton and any governmental entities in New York State speak for themselves.

LEGAL\16509316\1

Except as expressly stated, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay Plaintiffs all earned prevailing wages and supplemental benefits pursuant to New York Labor Law §230 under the identified trade classifications of "Security Guard (Armed)" and "Security Guard (Unarmed).'

**ANSWER:**  Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      The Named Plaintiffs Tyrone Malcolm, Elaine Chaneyfield, Nelson Velez, Leonard Comer, and Richard Horace have initiated this action seeking for themselves, and on behalf of all similarly situated employees, recovery of all unpaid prevailing wage and supplemental benefits plus interest, attorneys' fees, and costs.

**ANSWER:**  In response to Paragraph 6 of the Complaint, Defendants acknowledge that Plaintiffs are attempting to bring a claim on behalf of themselves and other alleged similarly situated employees to recover alleged unpaid prevailing wage and supplemental benefits, plus interest, attorneys' fees, and costs, but deny that Plaintiffs or any alleged similarly situated employees are due any amounts, including but not limited to those amounts requested in the Complaint.  Except as expressly acknowledged, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION

7.      Jurisdiction of this Court is invoked pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**ANSWER:**  In response to Paragraph 7 of the Complaint, Defendants acknowledge that this court has jurisdiction of this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Except as expressly acknowledged, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

3

8.     Upon information and belief, Defendant Allied Barton Security Services LLC is a foreign business corporation incorporated within the State of Delaware and with a principal place of business within the State of Pennsylvania.

**ANSWER:**     In response to Paragraph 8 of the Complaint, Defendants admit that AlliedBarton Security Services LLC is a limited liability company formed under the laws of the state of Delaware with its principal place of business located in Conshohocken, Pennsylvania.

9.     Plaintiff Tyrone Malcolm is an individual resident of the State of Louisiana.

**ANSWER:**  In response to Paragraph 9 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Tyrone Malcolm is an individual resident of the State of Louisiana and, based thereon, deny the allegations contained in Paragraph 9 of the Complaint.

10.     Plaintiff Elaine Chaneyfield is an individual resident of the State of New York.

**ANSWER:**   In response to Paragraph 10 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Elaine Chaneyfield is an individual resident of the State of New York and, based thereon, deny the allegations contained in Paragraph 10 of the Complaint.

11.     Plaintiff Nelson Velez is an individual resident of the State of New York.

**ANSWER:**   In response to Paragraph 11 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Nelson Velez is an individual resident of the State of New York and, based thereon, deny the allegations contained in Paragraph 11 of the Complaint.

12.     Plaintiff Leonard Comer is an individual resident of the State of New York.

**ANSWER:** In response to Paragraph 12 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Leonard Comer is an

4

individual resident of the State of New York and, based thereon, deny the allegations contained in Paragraph 12 of the Complaint.

13.     Plaintiff Richard Horace is an individual resident of the State of New Jersey.

**ANSWER:**   In response to Paragraph 13 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Richard Horace is an individual resident of the State of New Jersey and, based thereon, deny the allegations contained in Paragraph 13 of the Complaint.

14.     All, or substantially all, of the transactions giving rise to Plaintiffs' claim took place within the State of New York.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Upon information and belief, the size of the putative Class exceeds 100 individuals.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Upon information and belief, the aggregate monetary claims of the putative Class, exclusive of interest and costs, is in excess of $5,000,000.00.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## VENUE

17.     Venue for this action in the Eastern District of New York under 28 U.S.C. §1391(b)(2) is appropriate, because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

**ANSWER:**   In response to Paragraph 17 of the Complaint, Defendants state that Paragraph 17 is a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## THE PARTIES

18.     Named Plaintiff Tyrone Malcolm is an individual resident of the State of Louisiana, and was employed by Allied in the State of New York from 2003 until 2010.

**ANSWER:**   In response to Paragraph 18 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Tyrone Malcolm is an individual resident of the State of Louisiana and, based thereon, deny that Plaintiff is an individual resident of the State of Louisiana.   Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Named Plaintiff Elaine Chaneyfield is an individual resident of the State of New York, and was employed by Allied in the State of New York from approximately 2000 until 2011.

**ANSWER:**   In response to Paragraph 19 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Elaine Chaneyfield is an individual resident of the State of New York and, based thereon, deny that Plaintiff is an individual resident of the State of New York.   Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Named Plaintiff Nelson Velez is an individual resident of the State of New York and was employed by Allied in the State of New York from approximately 2006 until 2011.

**ANSWER:**   In response to Paragraph 20 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Nelson Velez is an individual resident of the State of New York and, based thereon, deny that Plaintiff is an individual resident of the State of New York.   Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Named Plaintiff Leonard Comer is an individual resident of the State of New York, and was employed by Allied in the State of New York from approximately 2010 until 2011.

**ANSWER:**   In response to Paragraph 21 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Leonard Comer is an individual resident of the State of New York and, based thereon, deny that Plaintiff is an

6

individual resident of the State of New York. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Named Plaintiff Richard Horace is an individual resident of the State of New Jersey, and was employed by Allied in the State of New York from approximately 2003 until 2011.

**ANSWER:**  In response to Paragraph 22 of the Complaint, Defendants state that they are without sufficient information or belief to either admit or deny whether Plaintiff Richard Horace is an individual resident of the State of New York and, based thereon, deny that Plaintiff is an individual resident of the State of New York. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.    Upon information and belief, Defendant ALLIED BARTON SECURITY SERVICES LLC is a limited liability company incorporated under the laws of the State of Delaware, and with a principal place of business in the State of Pennsylvania, and is engaged in the security business.

**ANSWER:**  In response to Paragraph 23 of the Complaint, Defendants admit AlliedBarton Security Services LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business located in Conshohocken, Pennsylvania. Further responding to Paragraph 23 of the Complaint, Defendants admit that AlliedBarton Security Services LLC provides security services pursuant to the terms of individual contracts negotiated with customers.

24.    Upon information and belief, Defendant and ALLIED SECURITY, LLC is a limited liability company incorporated under the laws of the State of Delaware, and with a principal place of business in the State of Pennsylvania, and is engaged in the security business.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## CLASS ALLEGATIONS

25.    This action is properly maintainable as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the claims asserted herein.

7

**ANSWER:** Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     This action is brought on behalf of the Named Plaintiffs and a putative class consisting of similarly situated employees who performed work for or on behalf of Allied as either Armed Security Guards or Unarmed Security Guards, pursuant to contracts entered into between Defendants and the Government Entities, and were not fully paid all earned prevailing wages and supplemental benefits pursuant to rates promulgated by the New York Department of Labor of the New York City Comptroller while assigned to work the Public Facilities.

**ANSWER:** In response to Paragraph 26, Defendants acknowledge that Plaintiffs are seeking to bring an alleged class action on behalf of themselves and all those persons allegedly similarly situated but deny that any such individuals exist or that class or collective treatment is appropriate here.  Except as expressly acknowledged, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 200 employees.  In addition, the names of all potential members of the putative class are not known.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to: (1) whether the Plaintiffs were employed by Allied as Armed or Unarmed Security Guards at project sites where the underlying contract required Allied to pay prevailing wages and supplemental benefits; and (2) whether the Defendants failed to pay the prevailing wages and supplemental benefits for all hours work, including overtime hours.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of failing to pay prevailing wages and supplemental benefits at rates published by the New York Department of Labor or New York City Comptroller for the work they performed as Armed and Unarmed Security Guards while assigned to work at government facilities.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

8

**ANSWER:**   Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.   New York State Labor Law § 230 provides that the wages to be paid to building service employees upon public work shall not be less than the "prevailing rate of wages."

**ANSWER:**   In response to Paragraph 32 of the Complaint, Defendants state that Paragraph 32 of the Complaint is a legal conclusion to which no response is necessary.   To the extent a response to Paragraph 32 is necessary, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.   The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See New York Labor Law § 230.

**ANSWER:**   In response to Paragraph 33 of the Complaint, Defendants state that Paragraph 33 of the Complaint is a legal conclusion to which no response is necessary.   To the extent a response to Paragraph 33 is necessary, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.   New York Labor Law § 230 also requires that the building service employees upon such public work be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. The prevailing rate of supplemental benefits is determined in the same manner as wages.  See New York Labor Law § 230.

**ANSWER:**   In response to Paragraph 34 of the Complaint, Defendants state that Paragraph 34 of the Complaint is a legal conclusion to which no response is necessary.   To the extent a response

9

to Paragraph 34 is necessary, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     In accordance with New York Labor Law § 230, each year the Comptroller of the City of New York promulgates a schedule of Prevailing Wages and Supplemental Benefit rates to be paid within all trades subject to New York Labor Law § 230 for all contracts subject to New York Labor Law § 230, for all work to be performed within the City of New York.

**ANSWER:**   In response to Paragraph 35 of the Complaint, Defendants state that Paragraph 35 of the Complaint is a legal conclusion to which no response is necessary.   To the extent a response to Paragraph 35 is necessary, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     In accordance with New York Labor Law § 230, each year the Department of Labor of the State of New York promulgates a schedule of Prevailing Wages and Supplemental Benefit rates to be paid within all trades subject to New York Labor Law § 230 for all contracts subject to New York Labor Law § 230, for all work to be performed within the State of New York but outside of the City of New York.

**ANSWER:**   In response to Paragraph 36 of the Complaint, Defendants state that Paragraph 36 of the Complaint is a legal conclusion to which no response is necessary.   To the extent a response to Paragraph 36 is necessary, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Pursuant to the Government Contracts and the Prevailing Wage and Supplemental Benefit rate schedules incorporated therein, Plaintiffs were entitled to received Supplemental Benefits and holiday/vacation pay from the Defendants. In the event that Supplemental Benefits and vacations were not provided, Plaintiff and others similarly situated were entitled to receive payment of the cash-value amount of hourly Supplemental Benefit rates and holiday/vacation pay as set forth in the Labor Law § 230 schedules.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits "'Prevailing Wage and Benefit Schedule" to be paid was annexed to and was made a part of each contract that Allied entered into with the Government Entities.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 38 of the Complaint.

10

39.     This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in Defendants' Government Contracts was made for the benefit of all workers furnishing labor on the sites of the Public Projects and, as such, the workers furnishing labor on the sites of the Public Projects are the beneficiaries of that promise.

**ANSWER:**  In response to Paragraph 39 of the Complaint, Defendants state that Paragraph 39 is a legal conclusion to which no response is necessary.  To the extent a response to Paragraph 39 is necessary, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS –
### BREACH OF THE GOVERNMENT CONTRACTS

40.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 30 hereof.

**ANSWER:**  Defendants reincorporate and restate their answers to Paragraphs 1 through 39 above as if fully set forth herein.

41.     Upon information and belief, the Government Contracts or subcontracts entered into by the Allied contained terms and conditions that required Allied to pay prevailing wages and supplemental benefits to the Named Plaintiff and putative class.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     On further information and belief: the Government Contracts also contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs and the other members of the putative class for the work they performed as Armed or Unarmed Security Guards.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Those prevailing rates of wages and supplemental benefits were made a part of the Government Contracts for the benefit of Plaintiffs and the other members of the putative class.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Allied breached the Government Contracts by willfully failing to pay and ensue payment to Plaintiffs and the other members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed at the Public Facilities.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 44 of the Complaint.

11

45.     By reason of its breach of each Government Contract, Defendants are liable to Plaintiffs and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 45 of the Complaint.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment;

(1) on their first cause of action against Defendants in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(2) such other and further relief as the Court may deem just and proper.

**RESPONSE TO WHEREFORE PARAGRAPH:**  In response to the WHEREFORE paragraph immediately following Paragraph 45 of the Complaint, Defendants state that no response is necessary.  However, to the extent that a response is necessary, Defendants specifically deny that Plaintiffs and/or any alleged similarly situated individuals are entitled to any relief from Defendants, including, but not limited to, the specific relief requested and enumerated in the WHEREFORE paragraph immediately following Paragraph 45 of the Complaint.

By way of further answer to the Complaint, Defendants state that any and all allegations in Plaintiffs' Complaint that have not been expressly admitted hereinabove are hereby denied. Defendants further request that this Court deny Plaintiffs the relief sought and dismiss the Complaint in its entirety.  By way of further answer, Defendants respond as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims, and the claims of those individuals they purport to represent, are barred, in whole or in part, by the applicable statute(s) of limitations.

12

## THIRD DEFENSE

Plaintiffs' claims, and the claims of those individuals they purport to represent, are barred, in whole or in part, because Defendants at all times acted in good faith and with reasonable grounds to comply with applicable law, including but not limited to New York Labor Law § 230.

## FOURTH DEFENSE

Plaintiffs' claims, and the claims of those individuals they purport to represent, are barred by the doctrines of waiver and/or accord and satisfaction.

## FIFTH DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because at all relevant times Defendants acted lawfully pursuant to New York Labor Law § 230 and any other applicable law.

## SIXTH DEFENSE

Plaintiffs' claims, and the claims of those individuals they purport to represent, are barred, in whole or in part, by the doctrines of unclean hands, laches, avoidable consequences, after-acquired evidence, estoppel and/or other principles of equity.

## SEVENTH DEFENSE

Plaintiffs cannot satisfy the prerequisites for a class or collective action under Rule 23 of the Federal Rules of Civil Procedure, and, therefore, the class or collective allegations of the Complaint must be stricken and dismissed.

## EIGHTH DEFENSE

Plaintiffs' proposed class fails to meet the prerequisites for class or collective treatment under Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class or collective allegations of the Complaint must be stricken and dismissed.

LEGAL\16509316\1

## NINTH DEFENSE

Plaintiffs' Complaint fails to adequately plead a valid class or collective action in that it fails to state a valid claim for relief as to each allegedly similarly situated employee and fails to identify any other potential claimants.

## TENTH DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs are neither parties to nor third-party beneficiaries of the contracts at issue and therefore lack standing to pursue the claims in the Complaint.

## ELEVENTH DEFENSE

Plaintiffs' claims, and the claims of those individuals they purport to represent, should be dismissed to the extent these claims are preempted by Section 301 of the Labor Management Relations Act. 29 U.S.C.A. § 185.

## TWELFTH DEFENSE

Plaintiffs' claims against Defendant Allied Security, LLC fails because Allied Security, LLC was not a party to any Government Contract as defined in the Complaint.

## THIRTEENTH DEFENSE

Defendants reserve the right to allege additional defenses as they become known during discovery, and to amend their Answer accordingly.

WHEREFORE, having fully answered the Complaint, Defendants pray that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendants, that costs, including attorneys' fees, be awarded to Defendants, and that such other and further relief as the Court deems just and proper be granted to Defendants.

14

Respectfully submitted this 13 day of May, 2013.

**COZEN O'CONNOR**

Michael C. Schmidt (MS7841)
Kenneth K. Fisher
277 Park Avenue
New York, New York 10172
Telephone:  (212) 453-3937

-and-

**MARTENSON, HASBROUCK & SIMON LLP**

Marty N. Martenson, Esq.  (Georgia Bar No. 471100)
David C. Hamilton, Esq. (Georgia Bar No. 141397)
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
Telephone:  (404)-909-8100
Facsimile:  (404)-909-8120

*Attorneys for Defendants*

LEGAL\16509316\1

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br><br>TYRONE MALCOLM, ELAINE CHANEYFIELD, NELSON VELEZ, LEONARD COMER, and RICHARD HORACE, individually and on behalf of all other Persons similarly situated who were employed by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC and/or any other entities affiliated with or controlled by ALLIED BARTON SECURITY SERVICES LLC and ALLIED BARTON SECURITY, LLC,<br><br>      Plaintiffs,<br><br>-against-<br><br>ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC, and/or any other entities Affiliated with or controlled by ALLIED BARTON SECURITY SERVICES LLC and ALLIED SECURITY, LLC,<br><br>      Defendants. | 13-CV-1576 (FB) (CLP) |

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document titled **ANSWER TO AMENDED COMPLAINT** has been served by ECF as follows:

Lloyd Ambinder, Esq.
James Murphy, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006

This 13 day of May, 2013.

Michael C. Schmidt (MS7841)

LEGAL\16509316\1